IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | | |
|---|---|---|
| In re | * | |
| PHYLLIS MAXINE JONES | * | Case No. 15-17098-WIL |
| Debtor. | * | Chapter 7 |
| * * * * * * * | * * * * * * | |
| ASCENTIUM CAPITAL LLC<br>23970 Highway 59 N<br>Kingwood, Texas 77339-1535 | *<br>*<br>* | Adversary No. _____ |
| Plaintiff, | * | |
| v. | * | |
| PHYLLIS M. JONES<br>17005 Longleaf Drive<br>Bowie, Maryland 20716 | *<br>*<br>* | |
| Defendant. | * | |
| * * * * * * * | * * * * * * | |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT AND FOR MONEY JUDGMENT**

The Complaint of plaintiff, Ascentium Capital LLC (the "Lender" or "Plaintiff"), states:

**FACTS COMMON TO ALL COUNTS**

1. On May 18, 2015, the debtor, Phyllis M. Jones ("Defendant"), filed in this Court a petition for relief under Chapter 7 of the United States Bankruptcy Code. Merrill Cohen was appointed Chapter 7 Trustee of the Debtor's bankruptcy estate.

2. This adversary proceeding arises in the above-captioned bankruptcy case, is a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(I), and is brought pursuant to 11 U.S.C. § 523

3002214

and Federal Rule of Bankruptcy Procedure 4007. Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

4. Before the petition date, in approximately May and June, 2014, the Lender made three (3) loans (the "Loans") to Premier Business Services, Inc. ("Borrower").

5. At all relevant times, the Defendant represented that she was President of the Borrower.

6. Defendant also represented to the Lender that the Borrower had the financial capacity to repay the Loans and intended to do so.

7. Upon information and belief, Defendant's partner in the Borrower was a Duane Akuffo. Mr. Akuffo is presently incarcerated in federal prison at Fort Dix, New Jersey after pleading guilty to bank fraud for attempting to obtain over $500,000 in fraudulent loans under circumstances similar to those here.

8. To procure the Loans, Defendant submitted Commercial Credit Applications to the Lender signed by Defendant stating, among other things, that the Borrower was a legitimate package and produce delivery business located in Denver, Colorado with eight (8) employees and "under current ownership" since August 2, 2005.

9. Also to procure the Loans, Defendant submitted an IRS Form 1125-E to the Lender stating that the Borrower has a federal employee identification number ending in -3387, Defendant devotes 100% of her time to the Borrower's business and Defendant holds 100% of the stock in the Borrower.

10. Also to procure the Loans, Defendant submitted to the Lender a letter dated June 3, 2014 from American Wind Transport Group, LLC, stating that the Borrower completed the

pre-clearance screening criteria to be an approved independent contractor for American Wind Transport Group, LLC.

11. The Loans are evidenced by an Equipment Finance Agreement No. 2135487 calling for sixty (60) payments each in the amount of $854.20 (the "First Agreement"); an Equipment Finance Agreement No. 2135966 calling for sixty (60) payments each in the amount of $1,094.52 (the "Second Agreement"); and an Equipment Finance Agreement No. 2136568 calling for sixty (60) payments each in the amount of $1,053.20 (the "Third Agreement," and together with the First Agreement and the Second Agreement, the "Agreements").

12. Defendant signed the Agreements for the Borrower as its President.

13. Collateral for repayment of the Loans consists of a 2005 Freightliner truck with vehicle identification number ("VIN") ending in -8348 (the "First Vehicle"); a 2007 Kenworth T600 tractor with VIN ending in -9857 (the "Second Vehicle"); and a 2007 Kenworth T600 tractor with VIN ending in -6234 (the "Third Vehicle," and together with the First Vehicle and the Second Vehicle, the "Collateral").

14. No payments were ever made on the Loans, except for the down payments made at origination of the Loans.

15. The Loans are in default, entitling the Lender to exercise its rights and remedies under the Agreements, including with respect to the Collateral.

16. On or about November 3, 2014, the Lender commenced an action in the Circuit Court for Prince George's County, Maryland against the Borrower and Defendant (Case No. CAL14-30249) (the "State Case") for the amounts due under the Agreements.

17. On or about June 24, 2015, the Circuit Court for Prince George's County, Maryland entered judgment in the State Case in favor of the Lender, against the Borrower, in the amount of $173,466.93. The State Case is stayed as to Defendant.

18. Subsequently, on or about July 20, 2015, the Lender recovered the First Vehicle. The Lender has not yet disposed of the First Vehicle. The Lender has not recovered the Second Vehicle, presently located at Bauer Automotive Service, Chatham Township, New Jersey, for an unpaid repair bill. The Lender does not know the location of the Third Vehicle.

**COUNT 1**
**(11 U.S.C. § 523(a)(2)(A))**

19. Each of the foregoing paragraphs is incorporated into this Count 1.

20. Certain of Defendant's representations to the Lender to procure the Loans were false, including that the Borrower had the financial capacity to repay the Loans and intended to do so; was a legitimate package and produce delivery business located in Denver, Colorado with eight (8) employees; and had been "under current ownership" since August 2, 2005.

21. Upon information and belief, Defendant also has no experience in the trucking business, no ties to Colorado and no ownership stake in the Borrower beginning in 2005.

22. In addition, Defendant did not devote 100% of her time to the Borrower. Per Defendant's Schedule I, when the Loans were made, Defendant served as operations manager of Mitchellville Family Dentistry, 12150 Annapolis Road, Suite 301, Glenn Dale, Maryland 20769.

23. The Lender also believes that the aforesaid letter from American Wind Transport Group, LLC is fraudulent.

24. Defendant knew that her representations to the Lender to procure the Loans were false, or made them with reckless disregard for the truth.

25. The Defendant made such representations with the intent to deceive Plaintiff into making the Loans, particularly because no payments were ever made on the Loans (beyond the initial down payments required to procure the Loans).

26. Plaintiff justifiably relied on such representations.

27. But for certain of Defendant's false representations, the Lender would not have made the Loans. The Lender has suffered damages as the proximate result of Defendant's false representations and/or representations made with reckless disregard for the truth. The Lender is owed $173,466.93 under the Agreements and has not been able to recover all of its Collateral.

### COUNT 2
### (11 U.S.C. § 523(a)(2)(B))

28. Each of the foregoing paragraphs is incorporated into this Count 2.

29. Some of the aforesaid written information supplied by Defendant respected the financial condition of the Borrower (an insider).

30. As stated above, such written information was materially false, provided with the intent to deceive the Lender, was reasonably relied upon by the Lender and is a proximate result of the Lender's loss.

### COUNT 3
### (Money Judgment – Common Law)

31. Each of the foregoing paragraphs is incorporated into this Count 3.

32. Defendant signed the Agreements in her individual capacity to expressly and unconditionally guarantee repayment of the Borrower's obligations under the Agreements.

33. As of October 26, 2015, there was due and owing under the Agreements (including Defendant's guaranty) $173,466.93, plus the Lender's attorneys' fees and expenses.

34.  The Lender is also entitled to punitive damages for the Defendant's actions described herein.

**WHEREFORE**, Plaintiff requests that the Court determine that Defendant's indebtedness to Plaintiff in an amount to be determined at trial is excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A) and/or (a)(2)(B); enter a money judgment against Defendant for such amount; and/or grant such additional and further relief as is appropriate.

/s/ Jeffrey S. Greenberg
Jeffrey S. Greenberg (Bar No. 29088)
Walter R. Kirkman (Bar No. 28032)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
100 Light Street, 21st Fl.
Baltimore, Maryland 21202
Phone No. (410) 347-7387
Fax No. (443) 263-7587
E-mail: jsgreenberg@ober.com

*Attorney for Ascentium Capital LLC*